# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANYHIEL BLACK,

    Plaintiff,

v.

ADECCO STAFFING & VENTRA
KANSAS, LLC,

    Defendants.

Case No. 21-2180-DDC-ADM

## MEMORANDUM AND ORDER

Plaintiff Anyhiel Black brings this employment discrimination lawsuit against two defendants: (1) Adecco Staffing, and (2) Ventra Kansas, LLC. Plaintiff asserts sex discrimination and harassment, race discrimination, and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e-17, and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010–213.137. Doc. 1 at 10–13 (Pet. ¶¶ 40–60). Defendant Ventra Kansas, LLC ("Ventra") has filed a Motion for Partial Dismissal (Doc. 9). It asks the court to dismiss just plaintiff's MHRA claims. The court grants Ventra's motion for three reasons.

*First*, plaintiff never has responded to Ventra's motion. The time for responding has expired. And, plaintiff hasn't responded to defendant's May 28, 2021 Reply (Doc. 17), which correctly explains that plaintiff failed to file a timely response to Ventra's motion and asks the court to grant the motion as an uncontested one. Doc. 17 at 1. Our local rule, D. Kan. Rule 7.4(b), provides that a party "who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum" unless

there is a showing of excusable neglect. That rule also provides if "a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. *Ordinarily, the court will grant the motion without further notice*." D. Kan. Rule 7.4(b) (emphasis added). Because plaintiff failed to respond timely to Ventra's motion, the court grants Ventra's Motion for Partial Dismissal as uncontested under D. Kan. Rule 7.4(b).

*Second*, Ventra is entitled to dismissal of plaintiff's MHRA claims because the MHRA does not apply outside of Missouri. *Tuttle v. Dobbs Tire & Auto Ctrs., Inc.*, 590 S.W.3d 307, 311 (Mo. 2019) (holding that an MHRA claim arises from "an unlawful discriminatory practice" that "resulted in an adverse impact" and dismissing plaintiff's MHRA claims because "all of the adverse impact alleged by [plaintiff] occurred in Illinois[,]" not Missouri, and also applying the "longstanding presumption that Missouri statutes, absent express text to the contrary, apply only within the boundaries of this state and have no extraterritorial effect"). Here, plaintiff alleges that Ventra is "a manufacturer in Kansas City, Wyandotte County, Kansas" and that plaintiff worked "at Ventra as labor to Ventra." Doc. 1 at 6, 8 (Pet. ¶¶ 9, 23). Thus, the alleged adverse impacts that plaintiff sustained from Ventra's alleged discriminatory actions occurred in Kansas—not Missouri. So, the MHRA doesn't apply to her claims. And, the court must dismiss plaintiff's MHRA claim against Ventra under Fed. R. Civ. P. 12(b)(6) for failing to state a plausible claim for relief.

*Third*, plaintiff's MHRA claims fail because she never alleges that she exhausted any administrative remedies for her MHRA claims against Ventra before bringing suit. The MHRA requires "any person claiming to be aggrieved by an unlawful discriminatory practice" under the MHRA to exhaust administrative remedies by filing a discrimination charge with the Missouri

Commission on Human Rights ("MCHR") before filing a civil lawsuit. Mo. Rev. Stat. § 213.075(1); *see also Parker v. City of Vandalia*, No. 2:18 CV 13 JMB, 2021 WL 1057355, *6 (E.D. Mo. Mar. 18, 2021). This statutory requirement mandates that "a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue-letter." *Parker*, 2021 WL 1057355, at *6 (citation and internal quotation marks omitted). Plaintiff's Petition alleges that she filed a charge of discrimination against Ventra with the EEOC and that the EEOC issued her a Notice of Right to Sue. Doc. 1 at 7 (Pet. ¶¶ 15, 17). But plaintiff never alleges that she filed an administrative complaint against Ventra with the MCHR or that she has secured a right-to-sue-letter from the MCHR for her claims against Ventra. *See id.* at 8 (Pet. ¶¶ 18–19) (alleging that plaintiff filed a MCHR charge against defendant Adecco Staffing and received a Notice of Right to Sue for her MHRA claims against Adecco Staffing but asserting no similar allegations about her claims against Ventra). So, the court also dismisses plaintiffs' MHRA claims against Ventra for failing to exhaust administrative remedies before filing suit.

For these three separate and independent reasons, the court grants defendant Ventra Kansas, LLC's Motion for Partial Dismissal (Doc. 9). And, the court dismisses plaintiff's MHRA claims asserted against defendant Ventra Kansas, LLC.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Ventra Kansas, LLC's Motion for Partial Dismissal (Doc. 9) is granted.

**IT IS SO ORDERED.**

**Dated this 25th day of June, 2021, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**